**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2176-15T2

TOWNSHIP OF JACKSON,

    Plaintiff-Respondent,

v.

JR CUSTOM LANSCAPING, INC.,

    Defendant-Appellant.

_____

JR CUSTOM LANDSCAPING, INC.,
JAMES PICON, DAWN PICON and JRDL
REAL ESTATE, LLC,

    Plaintiffs-Appellants,

v.

TOWNSHIP OF JACKSON ZONING BOARD
OF ADJUSTMENT and TOWNSHIP OF
JACKSON,

    Defendants-Respondents.

_____

> Argued January 30, 2018 — Decided July 10, 2018
>
> Before Judges Fisher, Fasciale and Sumners.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Ocean County, Docket No. L-1738-
> 15.

John J. Novak argued the cause for appellants (The Law Offices of John J. Novak, C., attorneys; Deborah A. Plaia, on the brief).

Jean L. Cipriani argued the cause for respondent Township of Jackson (Gilmore & Monahan, PA, attorneys; Jean L. Cipriani, of counsel and on the brief; Michael S. Nagurka, on the brief).

Sean D. Gertner argued the cause for respondent Township of Jackson Zoning Board of Adjustment (Gertner & Gertner, LLC, attorneys; Sean D. Gertner, on the brief).

PER CURIAM

In these two consolidated land use matters, the Law Division remanded to the Jackson Township Zoning Board of Adjustment (Board) to determine whether the business operated by JR Custom Landscaping, Inc. (JR) on properties owned by JR, James Picon, Dawn Picon, and JRDL Real Estate, LLC (collectively JR), violated two prior Board resolutions granting prior land use approvals and ordinances. The Board then determined that there were violations, which the Law Division later agreed with and enjoined certain JR business activities. Because the Board followed the remand directive to review the Zoning Board Officer's determination that there were no violations on the properties, and to issue factual findings based upon its interpretation of the resolutions, we conclude the Law Division did not abuse its discretion, and affirm.

A-2176-15T2

JR, which is owned by the Picons, is a wholesale nursery and landscaping business operating out of two properties located in Jackson Township (the Township): 34 Bennetts Mills Road (Bennetts Mills), owned by JR; and 141 East Veterans Highway (East Veterans), owned by the Picons through an entity, JRDL Real Estate, LLC. As far back as 1999, JR has made several applications to the Board regarding the scope of its operations. In 2011, the Ocean County Department of Solid Waste denied its application to accept leaves and other compost material for recycling, finding the use was not permitted at either property. Believing JR was recycling on the properties despite the denial, the Board filed a verified complaint against JR for injunctive relief to cease the activity.

The action led to the parties' June 10, 2011 consent order, which provided:

> a. JR shall immediately cease the receipt of materials used to process materials such as mulch;
>
> b. JR shall immediately cease recycling/processing of materials;
>
> c. JR shall not maintain or stockpile any mulch as of June 17, 2011;
>
> d. Operations at the Bennetts Mills site shall not commence prior to 8:00 a.m.;
>
> e. The East Veterans site shall only maintain pickup trucks, 2 bobcats, and other large machinery;

A-2176-15T2

f. The East Veterans site shall only engage in farm[-]related activities;

g. The East Veterans site shall not permit recreational vehicle use other than what is permitted by the Township of Jackson Municipal Code;

h. JR is to immediately remove all finished topsoil above a specific height as of June 17, 2011;

i. Either party can apply for a modification of this [o]rder if there is a lack of compliance or change in circumstances;

j. The Jackson Township Police Department may enforce the terms of the [o]rder, including noise complaints;

k. The order is to remain in effect until further order of the court or resolution of the Zoning Board of the Township of Jackson.

This was followed by JR's application to the Board seeking, among other requests, an interpretation of the approvals granted in 2009, to allow it to recycle organic waste, trees, leaves and tree stumps into mulch. Although the Board found that JR had failed to complete compliance requirements for an approved farmer's market, it determined that JR could continue to operate its landscaping business but was required to obtain Board approval to conduct recycling activities as a condition precedent to any State regulatory requirements.

A-2176-15T2

Later, in 2014, the Township again believed — based on noise complaints from residential neighbors — that JR had resumed recycling activities on both properties by producing or manufacturing mulch and related organic materials, and sought injunctive relief against JR.  Finding the record unclear, the Law Division remanded to the Board to "determine [its] intent and address the specific uses it permitted upon the property in light of the variances and previous interpretations."  The Board was also required to "define the parameters of what encompassed a [l]andscaping [b]usiness at the property given the fact that it could not rely upon the Municipal Code for a definition."  The trial court retained jurisdiction.

On remand, after nine days of testimony from Township officials and professional staff, representatives of JR and the public, the Board ultimately adopted two separate resolutions, summarized as follows:

> Resolution 2015-22
> 34 Bennetts Mills Road
>
> The landscaping business permitted to operate may sell farmland related products—i.e.: vegetative products including flowers, plants, trees and shrubs grown elsewhere;
>
> The Board found that JR had expanded the existing non-conforming use by offering for sale, products the Board never intended to be offered at the site and at a scale never envisioned by the Board.  Overall, JR expanded

the scale and scope of the operation at the site beyond that which was intended;

Bulk storage shall be limited to specific locations delineated upon the 2009 Change of Use Plan; storage of material may not exceed the height permitted by the current Township ordinance — 10 feet;

JR is not permitted to produce or manufacture any materials on site for sale in accord with the February 20, 2015 Board professional memorandum;

Previous approvals do not permit JR to engage in recycling, producing or manufacturing of vegetative or organic product including but not limited to the compost, mulch, topsoil in accord to the Board professional memorandum;

JR expanded the business to permit the rental of equipment from the property, which was way beyond the scope of the business granted by variance;

JR may neither store nor sell loose rock salt from the property;

Without a variance by the Board, JR cannot operate snow plowing operations from the site or store equipment for such on the premises;

Until lot 63 complies with Resolutions 2009-17 and 2009-22 for expansion of business operations, JR shall cease using lot 63 and the access driveway for commercial purposes;

JR is not permitted to store trash, debris or solid waste on his property, as no such areas are designated on the Change of Use Plan from 2009;

JR is not permitted to receive or store trash, debris or solid waste from any outside source including but not limited to leaves, brush, stumps, trees, trimmings, manure, grass clippings, millings used to process, produce or manufacture materials such as mulch, topsoil or compost;

The provision of fuel storage on the site is prohibited as it is not addressed by the 2009 Change of Use plan;

JR is not permitted to sell or refill propane tanks from the property;

JR is not permitted to stockpile topsoil, organic material, mulch, compost, or stone in piled greater than 10 feet as depicted in the 2009 change of Use Plan;

A buffer along the east property line consisting of white pine trees 6-8 feet high must be planted to comply with Resolution 1999-10;

No sale of equipment of motor vehicles on the property;

Submission of a storm water management plan must be submitted;

Equipment requiring the use of back up beepers may not be used Saturday after 2 p.m. or on Sunday.


<u>Resolution 2015-23</u>
141 East Veterans Highway

Sifting, screening, manufacture and production of material, utilizing material that was not generated or to be used on the site had occurred. JR is storing topsoil, mulch and other organic material, that originated offsite, in piles of 75 feet wide

A-2176-15T2

by 100-150 feet long and 15 feet in height without submitting a plan or providing testimony that the material was to be used in furtherance of farm activities on site.

JR is storing tree stumps, roots, branches and other organic material that originated offsite as part of a constructed berm as well as solid waste, without the submittal of a plan or providing evidence that the storage of material was to be used in furtherance of farm activities;

JR has not cultivated corn or other crops. JR has permitted an unrelated business to dump grass clipping on the site without approval. There is no breeding activity on the site; however JR has intermittently boarded horses and other animals on site;

JR violated the consent order filed June 10, 2011 by maintaining large trucks on the property and engaging in non-farm related activities including sifting, production and manufacture of organic materials and topsoil for use offsite.

Two days later, the Board's Zoning Officer served a letter on JR stating, "all conditions noted in Resolution 2015-22 shall be in effect immediately and acted upon accordingly." In response, JR filed a verified complaint in lieu of prerogative writs and order to show cause seeking a determination that the Board's findings in the adopted resolutions were arbitrary, capricious and unreasonable, and that any action to enforce the resolutions should be enjoined. The Township in turn filed an order to show cause seeking preliminary and permanent injunction and to restrain JR

from conducting all activities in violation of the resolutions pending a full adjudication of the matter.

The lawsuits were consolidated, with the status quo on the use of the properties maintained pending the Law Division's decision. Ultimately, Judge Mark A. Troncone granted injunctive relief to the Township ordering JR to "cease any activities on the sites that are not in conformance with the provisions of the Resolutions." In deferring to the Board's factual finding, the judge stated in his written decision that "there is ample evidence in the record established below as to the numerous violations of the 2011 [c]onsent [o]rder and of the violations of prior variance approvals concerning both JR sites as outlined in Resolutions 2015-22 and 2015-23." The judge did carve out two exceptions, finding that if storm water management facilities were installed, the Board must approve the plan; and that there could be no limitation on the use of vehicles with "back up beepers" during JR's hours of operation.

JR appeals, arguing:

> I. THE FILING OF THE VERIFIED COMPLAINT BY JACKSON TOWNSHIP DIVESTED THE ZONING BOARD OF JURISDICTION.
>
> II. THE CHANCERY DIVISION JUDGE ERRED BY ALLOWING THE TOWNSHIP OF JACKSON ZONING BOARD OF ADJUSTMENTS [FACT FINDING] TO BE UTILIZED IN DECIDING A CHANCERY DIVISION ACTION SEEKING INJUNCTIVE RELIEF.

A. Snow Plowing — Resolution 2015-22

    1. JR Custom Landscaping was denied due process when the court permitted the board to prohibit snow plowing where material facts existed concerning the definition of landscaping.

    2. Snow plowing is a vested right.

    3. The board does not have the authority to control snow plowing operations which do not occur on JR custom landscaping's property.

B. 141 East Veterans Highway — Resolution 2015-23.

    1. Lack of Jurisdiction.

    2. 2011 verified complaint and 2011 order.

III. RESOLUTIONS 2015-22 AND 2015-23 ARE ARBITRARY, CAPRICIOUS AND UNREASONABLE.

A. Standard of Review.

B. Variances are vested rights which run with the land.

    1. Resolution 2015-22 is not supported by the record.

    2. Resolution 2015-23 is not supported by the record.

IV. THE BOARD EXCEEDED THE COURT'S ORDER OF AUGUST 22, 2014 AND THE COURT FAILED TO MAKE FINDINGS OF FACT.

A. The court is required to make findings of fact.

B. The court exceeded its authority when it rescinded previously granted rights

      1. Storing landscaping material for retail or wholesale purposes.

      2. Resolution compliance.

We begin with a review of the well-established legal principles that guide our analysis. Under the Municipal Land Use Law (MLUL), N.J.S.A. 40:55D-1 to -163, "municipalities are authorized to impose conditions on the use of property through zoning." Price v. Himeji, LLC, 214 N.J. 263, 284 (2013). A board of adjustment has the authority, however, to grant a variance and permit a nonconforming use of zoned property pursuant to N.J.S.A. 40:55D-70(d)(2).

On appellate review of a trial court's determination of the validity of an action taken by a land use board, we are bound by the same standard as the trial court. N.Y. SMSA, L.P. v. Bd. of Adjustment of Tp. of Weehawken, 370 N.J. Super. 319, 331 (App. Div. 2004) (citation omitted). Municipal zoning ordinances enjoy a presumption of validity. Rumson Estates, Inc. v. Mayor & Council of Fair Haven, 177 N.J. 338, 350 (2003) (citation omitted). This presumption may be overcome by proof that the ordinance is arbitrary, unreasonable or capricious, or plainly contrary to fundamental "principles of zoning or the [zoning] statute." Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J. 282, 289-90

(2001) (alteration in original) (quoting Bow & Arrow Manor, Inc. v. W. Orange, 63 N.J. 335, 343 (1973). In addition, we "defer to a municipal board's factual findings as long as they have an adequate basis in the record." Advance at Branchburg II, LLC v. Branchburg Tp. Bd. of Adjustment, 433 N.J. Super. 247, 252 (App. Div. 2013). The challenging party has the burden to show that the zoning board's decision was "arbitrary, capricious, or unreasonable." Price, 214 N.J. at 284 (quoting Kramer v. Bd. of Adjustment, 45 N.J. 268, 296 (1965)).

Mindful of these principles, we address JR's arguments in the order presented. JR first argues the Board exceeded its authority on remand by adopting Resolutions 2015-22 and 2015-23, which demonstrates that the Board reconsidered and rescinded previously granted variances, and imposed new conditions on its operations. As an example, JR cites the exceptions the judge noted for Resolution 2015-22 provisions by ordering that only if a storm water management plan is installed on the Bennetts Mills site should Board approval be sought, and that there can be no restriction of the hours of operation of vehicles with back up beepers. We disagree.

Given the injunctive relief sought by the Township, the court remanded the matter to the Board to interpret the previously granted resolutions and consent order to determine if JR violated

any provisions thereof. Consistent with a zoning board's "peculiar knowledge of local conditions, [it] must be allowed wide latitude in their delegated discretion," Jock v. Zoning Bd. of Adjustment, 184 N.J. 562, 597 (2005), the Board thoroughly reviewed testimony and detailed its findings of fact in two resolutions. JR cites no case law to support its position, and thus fails to persuade us, as it was unable to do with the trial court — outside of the two noted exceptions — that the Board exceeded its authority on remand.

JR next contends that considering its plowing activity occurs off-site, it had a vested right to use the Bennetts Mills site for storing its snow plowing equipment. Thus, it was denied due process where Resolution 2015-22 declared that snow plowing does not fall within the definition of landscaping. We are not persuaded.

The purpose behind the court's remand was to enable the Board to clarify what activities engaged in by JR were consistent with the variances that allowed JR to conduct its landscaping business on the respective sites. Through the extensive hearing process, the Board did exactly that. We see no reason to disturb the Judge Troncone's finding that the evidence presented failed to establish a variance that authorized JR to use the Bennetts Mills site as a base for a snow plowing operation.

Turning its focus to the East Veterans site, JR claims it was denied due process because the consent order, which specifically stated that it would remain in effect until further order of the court or resolution of the Board, expired as of the passage of Resolution 2011-45.[1] We disagree for the same reasons we reject JR's argument regarding the prohibition of storing snow plowing equipment at Bennetts Mills; there was no denial of due process because the Board acted in conformance with the judge's remand order.

JR next argues that both resolutions are arbitrary, capricious and unreasonable because "the Township failed to present substantial, credible evidence of the alleged violations on the [p]roperties and the Zoning Board's determinations were not supported by the evidence and are ultra vires." As to Resolution 2015-22, JR contends it inappropriately restricted its landscaping business and farmer's market on the property; improperly concluded that the screening of topsoil was impermissible based upon Resolution 2011-45; wrongly prohibited a second business from

---

[1] Resolution 2011-45 provided that "the applicant's failure to complete resolution compliance for the farmer's market does not preclude the applicant from continuing to operate its landscaping business." It also allowed that in order to conduct recycling activities on the Bennetts Mills property, it had to obtain the Board's approval as a condition precedent to any required New Jersey Department of Environmental Protection approvals.

operation on and from the property; incorrectly prohibited JR from leasing equipment, storing fuel onsite; and improperly required JR to create a landscape buffer.  As for Resolution 2015-23, JR contends the record does not support its prohibition of sifting and screening materials, storage of topsoil, mulch, rotting debris, berm, large trucks and sifters, and the dumping of grass clippings.  From our review of the record and the resulting resolutions, the Board considered the testimony presented and credibly applied it to clarify the activities that are consistent with the approvals given to JR to operate a landscaping business; in turn, determining that did not include recycling activities leading to the production or manufacture of mulch and related organic materials.  Accordingly, we cannot conclude the Board acted arbitrary, capricious and unreasonable, and we find insufficient merit in these arguments to warrant extensive discussion in a written opinion.  R. 2:11-3(e)(1)(E).  We only add the following comments.

 We reject JR's equitable estoppel argument that its on-site screening of topsoil for the last fifteen years is consistent with the landscaping business because the Board never prohibited it. The doctrine of equitable estoppel prevents a party, who failed to exercise a duty to object, from stopping another party's conduct who in good faith relied upon that silence or inaction.  See

Middletown Twp. Policemen's Benevolent Ass'n Local No. 124 v. Twp. of Middletown, 162 N.J. 361, 367 (2000). Because we see no clear distinction between soil-screening and the processing of "organic related material," which was specifically prohibited by the Board in 2011, the Township should not be equitably estopped from enjoining JR's soil-screening activity. Consequently, equitable estoppel does not apply to allow JR to continue the screening of topsoil.

Finally, for the reasons stated above, we reject JR's contention that the Board failed to make findings of fact and exceeded the court's remand directive.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2176-15T2